UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

03-12241 RGS

MAGISTRATE JUDGE Alexander

WILLIAM RYAN and JOHN J. SHAUGHNESSY,
as they are TRUSTEES, INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 4 HEALTH
AND WELFARE, PENSION AND ANNUITY FUNDS,
and LOUIS G. RASETTA and CHRISTOPHER
BARLETTA, as they are TRUSTEES, HOISTING AND
PORTABLE ENGINEERS LOCAL 4 APPRENTICE
AND TRAINING FUNDS and INTERNATIONAL
UNION OF OPERATING ENGINEERS, LOCAL 4,
Plaintiffs

EASTERN STATES EQUIPMENT RENTAL CORP.,
Defendant

and

MILFORD NATIONAL BANK AND TRUST CO.,
Trustee

C.A. No.

AMOUNT $150  5/1685
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK        FOM
   11/13/03

## COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act, 29 U.S.C. §185 by employee benefit plans and a labor union to enforce the obligations to make contributions and pay interest to such plans due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiffs William Ryan and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

4. Plaintiffs William Ryan and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

5. Plaintiffs William Ryan and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Annuity Fund. The International Union of Operating Engineers Local 4 Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

6. Plaintiffs Louis G. Rasetta and Christopher Barletta are Trustees of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. The Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund is an "employee welfare benefit plan"

2

within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7. The Health and Welfare, Pension, Annuity, Apprenticeship and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

8. Defendant Eastern States Equipment Rental Corp. (hereinafter "Eastern" or "the Employer") is a Massachusetts corporation with a principal place of business at 18A Wolcott Street, Hyde Park, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

9. Milford National Bank and Trust Co. is a banking institution holding assets of the defendant.

## GENERAL ALLEGATIONS OF FACT

10. On or about January 1, 2000, defendant Eastern became signatory to a collective bargaining agreement with the International Union of Operating Engineers, Local 4 and its branches, effective through August 31, 2003. A copy of Eastern's signed agreement is attached hereto as Exhibit A.

11. Pursuant to the terms of this Agreement, Eastern was obligated to contribute to the Funds an amount equal to that shown under the Agreement's "Schedule of Wages" for each payroll hour and proportionately for each part of such an hour for each person covered by the Agreement.

12. Pursuant to the Agreement, employers are also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

13. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-12 supra.

14. Eastern performed work under the terms of its collective bargaining agreement but failed to make all contributions due thereunder.

15. After reviewing documents submitted by Eastern, the Funds determined that Eastern owes $12,824.24 in unpaid contributions for the period August, 2002 through June 21, 2003, together with an as yet unliquidated liability for the period June 22, 2003 to July 18, 2003, the last date worked by covered employees. Eastern also owes $373.22 in interest on the liquidated delinquent contributions.

16. The Funds have repeatedly sought payment of these delinquent contributions and interest.

17. To date, Eastern has failed to pay the Funds the $12,824.24 in contributions due for the period August, 2002 through June 21, 2003 and may be liable for additional obligations incurred thereafter. It has also failed to pay the $373.22 in interest.

18. The failure of Eastern to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreement violates §515 of ERISA, 29 U.S.C. §1145.

19. Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, as determined at the audit and refuse to submit Remittance Reports and pay contributions now due and owing, and the Funds and their participants will be irreparably damaged.

20. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF LMRA - DELINQUENT CONTRIBUTIONS AND INTEREST

21. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-20 supra.

22. The failure of Eastern to make contributions on behalf of all covered employees and to pay interest as required by the terms of the collective bargaining agreement violates §301 of the Labor Management Relations Act, 29 U.S.C. §185.

## COUNT III - VIOLATION OF LMRA DUES

23. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-22 supra.

24. Eastern deducted dues from its employees' paychecks and failed to remit them to the Union.

25. The failure of Eastern to remit the dues it deducted from its employees' wages as required by the terms of the collective bargaining agreement violates §301 of the Labor Management Relations Act, 29 U.S.C. §185.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a. Order the attachment by trustee process of the bank accounts of Eastern held by Milford National Bank and Trust Co.;

b. Order the attachment of the machinery, inventory and accounts receivable of defendant Eastern, including but not limited to the 2000 Kent 8G Hammer serial No. 3847, Eastern pledged to the plaintiffs;

c. Enter judgment in favor of the Plaintiffs in the amount of $13,197.76 plus any additional amounts determined by the Court to be owed by Eastern or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2); and

d. Such further and other relief as this Court deem appropriate.

Respectfully submitted,

WILLIAM RYAN and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

By their attorneys,

_____
Anne R. Sills, Esquire
BBO #546576
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  November 12, 2003

ARS/ars&ts
3118 03-313/complt.doc

6