UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM RYAN and J. SHAUGHNESSY )<br>as they are Trustees, INTL UNION OF )<br>of OPERATING ENGINEERS LOCAL 4 )<br>HEALTH and WELFARE , PENSION and )<br>ANNUITY FUNDS, et al )<br>       Plaintiffs, )<br> ) <br>      v.    ) <br> ) <br>EASTERN STATES EQUIPMENT )<br>RENTAL CORP., )<br>    Defendant. ) | CIVIL ACTION<br>NO.03-12241-JLT |

And

MILFORD NATIONAL BANK AND TRUST CO.,

   Trustee

## NOTICE OF DEFAULT

Upon application of the Plaintiffs, William Ryan and John J. Shaughnessy, et al for failure of the Defendants, **Eastern State**s Equipment Rental Corp., and Milford National Bank ,plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure, notice is hereby given that the Defendants have been defaulted.

                                                                TONY ANASTAS,
                                                                Clerk
                                                                /s/
Dated: 4/9/04                                          by:Zita Lovett,
                                                                Deputy Clerk

Notice mailed to:
**Counsel of Record**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM RYAN and JOHN J. SHAUGHNESSY, et al<br>   Plaintiffs,<br><br>v.<br><br>EASTERN STATES EQUIPMENT RENTAL CORP.,<br>   Defendant.<br><br>And<br><br>MILFORD NATIONAL BANK<br>   Trustee | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION<br>)<br>)     CA 03-12241-JLT<br>)<br>) |

## STANDING ORDER REGARDING
## MOTIONS FOR DEFAULT JUDGMENT

<u>TAURO, District Judge</u>

    A Notice of Default has been issued to the defendants.

In anticipation of a Motion for Default Judgment being filed, it should be noted that this session has received numerous motions for default judgment which do not on their face comply with Fed. R. Civ. P. 55 principally because of the failure to provide affidavits (a) substantiating entitlement to the damages or remedy sought, (b) satisfying the Soldiers and Sailors Relief Act, and (c) demonstrating that no party against whom default is sought is an infant or incompetent person.

    In an effort to deal with these procedural failings, certain procedural orders will apply in this session. These orders represent an effort to prompt counsel to comply with the Rule

regarding default judgment motions, expedite resolution of such motions and avoid the

diversion of resources which individualized procedural orders dealing with particular cases require.

Accordingly, the following Standing ORDER Regarding Motions for Default Judgment will be observed in this session:

1. A party making a motion for default judgment shall comply with all the requirements of Fed. R. Civ. P. 55 particularly those related to filing of affidavits. The moving party shall also submit an appropriate form of order in the fashion of the draft order attached hereto as Appendix A. Such compliance shall be completed no later than 14 days after the filing of the motion itself;

2. Within the 14-day period for compliance by the moving party, the party against whom default judgment is sought shall have an opportunity to file substantiated opposition to the default judgment motion and to request a hearing thereon;

3. The Court will take up the motion for default judgment on the papers at the conclusion of the 14-day period. Should the motion for default judgment at that time fail to comply with Fed. R. Civ. P. 55, the motion will be denied with prejudice to any renewal of such motion within six months of the denial. Any renewed motion for default judgment may not include a request for interest, costs or attorneys' fees in the matter nor will such relief be

granted on any renewed motion for default;

    4.    Necessary and appropriate action with respect to this Standing ORDER shall be taken by the moving party within 30 days of the date of the issuance of this ORDER.  If for any reason the moving party cannot take necessary and appropriate action, that party shall file an affidavit describing the status of this case and show good cause why necessary and appropriate action with respect to this Standing ORDER cannot be taken in a timely fashion and further why this case should remain on the docket.  Failure to comply with this paragraph will result in the entry of dismissal of the moving party's claims for want of prosecution.

        By the Court,

        /s/

        _____
        Deputy Clerk

Dated:   4/9/04

Appendix A

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| Plaintiff(s) | ) ) ) | |
| v. | ) ) ) ) ) ) | CIVIL ACTION NO. |
| Defendant(s) | ) | |

FORM OF
DEFAULT JUDGMENT

Defendant_____ having failed to plead or otherwise defend in this action and its default having been entered,

Now, upon application of plaintiff and affidavits demonstrating that defendant owes plaintiff the sum of $_____; that defendant is not an infant or incompetent person or in the military service of the United States, and that plaintiff has incurred costs in the sum of $_____, it is hereby

ORDERED, ADJUDGED AND DECREED that plaintiff recover from defendant _____ the sum of $_____, with interest as provided by law.

_____
Deputy Clerk

Dated:_____